IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



SYBIL EHNINGER, §
 §
　　　　Plaintiff, §
 §
VS. § NO. 4:19-CV-104-A
 §
PNC BANK N.A., ET AL., §
 §
　　　　Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants, PNC Bank N.A., and Roundpoint Mortgage Servicing Corporation, to dismiss. The court, having considered the motions, the responses of plaintiff, Sybil Ehninger, the record, and applicable authorities, finds that the motions should be granted.

I.

Plaintiff's Claims

On February 5, 2019, plaintiff filed her complaint in this action.[1] Doc.[2] 1. As it did not appear that the court had subject matter jurisdiction, by order signed March 8, 2019, the court ordered plaintiff to file an amended complaint or face dismissal of the action without further notice. Doc. 5.

---

[1] The document was titled "Bill for Declaratory Relief."

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

On March 12, 2019, plaintiff filed what purports to be her amended complaint, titled "Amended Bill for Declaratory Relief." Doc. 7. The amended complaint mostly duplicates the original with an added paragraph alleging diversity of citizenship between plaintiff and defendants. The amended complaint, like the original, seeks only declaratory relief and does not assert any underlying claims. Moreover, the declarations sought do not make any sense. The amended complaint recites that plaintiff, acting through two different notaries, mailed a number of letters to defendants, who failed to respond. Some or all of the letters appear to have been attached as exhibits to the original complaint. The exhibits are wholly frivolous and nonsensical. Doc. 1, Exs. A-D. The alleged failure of defendants to respond to the nonsensical documents is apparently the basis for the lawsuit.[3]

II.

Grounds of the Motions

Defendants assert that plaintiff has failed to state any plausible claims against them.

---

[3] Plaintiff is not a stranger to frivolous filings. See Misc. No. 4:18-MC-013-A, In re Sybil-Joy Ehninger-High.

III.

Applicable Pleading Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556

3

U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

But for defendants' motions, the court would have no idea about the facts underlying this action. Plaintiff has not pleaded any facts to support any cause of action.[4] Plaintiff refers to Chapter 37 of the Texas Civil Practice and Remedies Code, which is known as the Texas Uniform Declaratory Judgments Act, (the "Act"). However, the Act is a procedural, rather than substantive, provision and does not apply in federal court. Camacho v. Texas Workforce Comm'n, 445 F.3d 407 (5th Cir. 2006); Utica Lloyds of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). A request for declaratory judgment under state law is considered as a claim under the federal Declaratory Judgment Act, 28 U.S.C. § 2201. Vestal v. Federal Nat'l Mortgage Ass'n, No. H-16-3628, 2017 WL 4217165, at *3 (S.D. Tex. Sept. 20, 2017).

For declaratory relief to be appropriate, there must be some case or controversy before the court. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-41 (1937); Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003). That is, a request for declaratory

---

[4] The amended complaint references requests for debt validation under the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 et seq. [sic]. Doc. 7, passim. However, no facts are pleaded to show that either defendant is a debt collector thereunder. Mortgage lenders are not debt collectors. Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007), aff'd, 269 F. App'x 523 (5th Cir. 2008). And, the activity of foreclosing a lien on property pursuant to a deed of trust is not the collection of a debt. Bittinger v. Wells Fargo Bank N.A., 744 F. Supp. 2d 619, 626 (S.D. Tex. 2010).

relief is remedial in nature and is dependent upon the assertion of viable causes of action. Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods, 915 F.2d 167, 170-71 (5th Cir. 1990). Where, as here, plaintiff has not pleaded a viable cause of action against either defendant, declaratory relief is not available. Bell v. Bank of Am. Home Loan Servicing, L.P., No. 4:16-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012).

V.

Order

The court ORDERS that the motions to dismiss be, and are hereby, granted, and that plaintiff's claims against defendants be, and are hereby, dismissed with prejudice.

SIGNED April 18, 2019.

_____
JOHN McBRYDE
United States District Judge